IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF NEW YORK

Case No. 1:25-cv-1453 (GTS/MJK)

OTTO ARCHIVE, LLC,

    Plaintiff,

v.

SPOAK DECOR, INC. a/k/a SPOAK DECOR INC.,

    Defendant.

## COMPLAINT

Plaintiff OTTO Archive, LLC ("Plaintiff") sues defendant Spoak Decor, Inc. a/k/a Spoak Decor Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York County, New York.

2. Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 29 Fox Hill Rd, Valatie, NY 12184. Defendant's agent for service of process is Resident Agents Inc., Five Greentree Center, 525 Route 73 North, Suite 104, Marlton, NJ 08053.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it

would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

### I. Plaintiff's Business and History

7. Plaintiff is a global photography distribution network representing over 30 master contemporary photographers. Plaintiff licenses design, architectural and interior imagery of preeminent architects and designers. Its collection also features unique locations, landscapes, and industrial images.

8. With an unparalleled focus on customer focus and premiere imagery, Plaintiff's commitment to clients and photographers sets it apart from other agencies.

9. Plaintiff provides the environment, business sensibilities, and experience within syndication that its clients seek as an alternative to traditional corporate agencies.

10. Plaintiff maintains a commercial website (https://www.ottoarchive.com/) which describes the photography services offered by Plaintiff, offers a list of the photographers it represents including a sample of some of their imagery, and invites prospective customers to contact Plaintiff to arrange for licensing

### II. The Work at Issue in this Lawsuit

11. Stephen Kent Johnson, Eric Piasecki, and Jenna Peffley are some of the many photographers represented by Plaintiff.

12. Based in New York, Mr. Johnson began his career as an art director with Martha Stewart Living and *Everyday Food*. He later transitioned to photography after being on sets for photoshoots and his lifelong interest in images. Today, Mr. Johnson is an accomplished interior design photographer as well as a travel, food, still life, and commercial photographer. His photographs appear frequently in publications such as *Architectural Digest, Bon Appetit, Conde Nast Traveler, Dwell, Elle Décor, Gather Journal, New York Magazine, and WSJ Magazine*. He also shoots for many architects, interior designers, and hotels.

13. Mr. Piasecki is a Cape Cod native who is based in New Mexico and New York City. He contributes regularly to *Elle Decor, Architectural Digest, House Beautiful*, among other magazines nationally and internationally. Advertising clients include Shade Store, Marriott Hotels, Williams Sonoma, Cowtan and Tout, Sub Zero/Wolf and others. Mr. Piasecki has photographed monographs for designer/architects Peter Pennoyer and Katie Ridder, Steven Gambrel, Juan Montoya, Thom Filicia, Cullman & Kravis, and Timothy Corrigan. His work can be appreciated in two design Books: "*The New Naturalists: Inside the Homes of Creative Collectors*", and "*More is More: Memphis, Maximalism, and New Wave Design"*. It can also be found regularly in *Architectural Digest*, *Clever and Domino*, *Dwell*, *Wallpaper\**, and *Elle Décor*.

14. Ms. Peffley is an interior, lifestyle, celebrity, and travel photographer (with a side of fashion, food, beauty, product, and wellness). Based in Los Angeles, California, she has a BFA in photography and a creative career background that includes working as an interior design assistant and a photo assistant/digital tech in her early career. Her photographs appear frequently in publications such as Architectural Digest, Vogue, Target, West Elm, The Jungalow, Minnetonka, Harper's Bazaar, HGTV, Marie Clare UK, Domino, Netflix, Clare V, Lonny Magazine, Rue Magazine, JCrew, California Home and Design, InStyle Germany, Birkenstock,

Sunset Magazine, Pottery Barn, C Magazine, Dwell, Sephora, People Magazine, *Kamille Magazine (Sweden), Family Circle,* Youth To The People*, Style Me Pretty, The Jungalow, MyDomaine, Byrdie, WhoWhatWear, Fragments Identity,* Bloomingdales, Old Navy, S. Harris Home, Marc Jacobs Beauty, Elizabeth and James, Jimmy Choo, Nordstrom, 7FAM, Frye, Essie, a variety of celebrities, fashion designers, jewelry designers, and interior designers.

15. Mr. Johnson created fifteen (15) professional photographs of varying interior designs including, but not limited to, bathrooms, bedrooms, and living rooms titled "OT1279417" (the "First Photograph"), "OT1279420" (the "Second Photograph"), "OT1279421" (the "Third Photograph"), "OT1279422" (the "Fourth Photograph"), "OT1279423" (the "Fifth Photograph"), "OT1279431" (the "Sixth Photograph"), "OT1279433" (the "Seventh Photograph"), "OT1279435" (the "Eighth Photograph"), "OT2109167" (the "Ninth Photograph"), "OT2120398" (the "Tenth Photograph"), "OT299426" (the "Eleventh Photograph"), "OT1262739" (the "Twelfth Photograph"), "OT229817" (the "Thirteenth Photograph"), "OT262851" (the "Fourteenth Photograph"), and "OT1206747" (the "Fifteenth Photograph").

16. Mr. Johnson is the owner of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, and Fifteenth Photograph and has remained the owner at all times material hereto.

17. Mr. Piasecki created two (2) professional photographs of colorful interior designs titled "OT1236835" (the "Sixteenth Photograph") and "OT287335" (the "Seventeenth Photograph").

18. Mr. Piasecki is the owner of the Sixteenth Photograph and Seventeenth Photograph

and has remained the owner at all times material hereto.

19. Ms. Peffley created a professional photograph of a tiled bathroom titled "OT2210729" (the "Eighteenth Photograph").

20. Ms. Peffley is the owner of the Eighteenth Photograph and has remained the owner at all times material hereto.

21. Attached hereto as **Exhibit "A"** is a spreadsheet which identifies the First Photograph, the Second Photograph, the Third Photograph, the Fourth Photograph, the Fifth Photograph, the Sixth Photograph, the Seventh Photograph, the Eighth Photograph, the Ninth Photograph, the Tenth Photograph, the Eleventh Photograph, the Twelfth Photograph, the Thirteenth Photograph, the Fourteenth Photograph, the Fifteenth Photograph, the Sixteenth Photograph, the Seventeenth Photograph, the Eighteenth Photograph, the corresponding US Copyright Office registration number for such photographs, and one or more screenshots of the alleged infringement of such photographs.

22. The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Eleventh Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, Seventeenth Photograph, and Eighteenth Photograph are collectively referred to herein as the "Work."

23. The photographs comprising the Work were registered by their respective photographers/owners with the Register of Copyrights and were assigned a registration number thereby. True and correct copies of the Certificate of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

24. For all times relevant to this action, Plaintiff and the above-named photographer(s)

were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

### III.     Defendant's Unlawful Activities

25.     Defendant owns and operates a virtual interior design platform.

26.     Defendant advertises/markets its business primarily through its websites (https://www.spoak.com/), social media (e.g., https://www.facebook.com/spoakdecor/, https://www.instagram.com/spoak, https://x.com/spoakdecor, https://www.tiktok.com/@spoak, https://www.youtube.com/channel/UCjQ1hyJbdHrBo-lqFvttvVw, https://www.pinterest.com/spoak/, and https://www.linkedin.com/company/spoak/), and other forms of advertising.

27.     Defendant's Instagram page (on which all of the alleged infringements were displayed) is operated by Defendant's CEO and co-founder Hilah Stahl (or other employees working in the Hudson, NY area).  Indeed, the account identifies itself as being located in Hudson, NY:



28. Defendant's website includes an "About" page (https://www.spoak.com/about) that includes information on all of Defendant's employees/representatives, including Ms. Stahl. That page provides that Defendant's co-founder (John Kenny) works remotely from Ireland while several other senior officers/directors work within New York. For example, Isalyn Connell (VP, Growth & Business Operations) works from Hudson, NY and Howard Cordray (Director of Product Engineering) works from Brooklyn, NY.

29. Although Defendant purports to identify 6355 North Red Tail Road, Jackson, WY 83001 as its principal place of business on its corporate filings, that address is a 70-acre ranch and vacation rental operated under the name "Antelope Trails Ranch." None of Defendant's employees live or work in Wyoming, and Defendant's website itself is devoid of references to Wyoming while instead pointing visitors to Hudson, NY. For example, Defendant's "Copyright Policy" page (https://www.spoak.com/terms/copyright-policy) invites copyright owners to submit DMCA takedown requests to Defendant as follows:

> Deliver this Notice, with all items completed, to Spoak's Designated Copyright Agent:
>
> Copyright Compliance Department
> copyright@spoakdecor.com
> ATTN: Copyright Compliance Department
> PO Box 1334
> Hudson, NY 12534

30. According to at least one article (https://www.bizjournals.com/albany/inno/stories/news/2024/03/17/spoak-interior-design-software-hudson-ny.html), "three of Spoak's 10 team members live in Columbia County. The rest are remote, but on-site company events happen in Chatham."

31. On June 30, 2023 (after Mr. Johnson's above-referenced copyright registration of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth

Photograph, Sixth Photograph, Seventh Photograph, and Eighth Photograph), Defendant displayed and/or published the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Eighth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

32. On January 28, 2022 (after Mr. Johnson's above-referenced copyright registration of the Ninth Photograph), Defendant displayed and/or published the Ninth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

33. On July 24, 2023 (after Mr. Johnson's above-referenced copyright registration of the Tenth Photograph), Defendant displayed and/or published the Tenth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

34. On October 30, 2021 (prior to Mr. Johnson's above-referenced copyright registration of the Eleventh Photograph), Defendant displayed and/or published the Eleventh Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

35. On July 7, 2022 (after Mr. Johnson's above-referenced copyright registration of the Twelfth Photograph), Defendant displayed and/or published the Twelfth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

36. On January 19, 2023 (after Mr. Johnson's above-referenced copyright registration of the Thirteenth Photograph), Defendant displayed and/or published the Thirteenth Photograph

on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

37. On February 6, 2023 (after Mr. Johnson's above-referenced copyright registration of the Fourteenth Photograph), Defendant displayed and/or published the Fourteenth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

38. On July 4, 2023 (after Mr. Johnson's above-referenced copyright registration of the Fifteenth Photograph), Defendant displayed and/or published the Fifteenth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

39. On December 30, 2022 (after Mr. Piasecki's above-referenced copyright registration of the Sixteenth Photograph), Defendant displayed and/or published the Sixteenth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

40. On March 13, 2023 (after Mr. Piasecki's above-referenced copyright registration of the Seventeenth Photograph), Defendant displayed and/or published the Seventeenth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

41. On March 21, 2023 (prior to Ms. Peffley's above-referenced copyright registration of the Eighteenth Photograph), Defendant displayed and/or published the Eighteenth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

42. A true and correct copy of screenshots of Defendant's website, webpage, social

media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

43. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

44. Defendant utilized the Work for commercial use.

45. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

46. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff's earliest discovery of Defendant's unauthorized use/display of at least one photograph comprising the Work was in April 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

47. At this time, it is unknown whether Defendant distributed a series of photographs, which are currently not included in the Complaint's allegations, to third-party users or whether the third-party users themselves copied the Work from Defendants' online advertisements or elsewhere.[1]

48. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**
**(The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and**

---

[1] The photographs that Plaintiff is aware of being displayed on Defendant's website are "OT267662", "OT1258738", "OT213839", "OT1161444", "OT138995", "OT2173407", "OT1127387", and "OT1239341".

**Seventeenth Photograph)**

49. Plaintiff re-alleges and incorporates paragraphs 1 through 48 as set forth above.

50. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

51. Mr. Johnson owns a valid copyright in the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, and Fifteenth Photograph, having registered such photographs with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

52. Mr. Piasecki owns a valid copyright in the Sixteenth Photograph and Seventeenth Photograph, having registered such photographs with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

53. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the subject photographer(s)).

54. As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph, Defendant had access to the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth

Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph prior to its own reproduction, distribution, and public display of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph on Defendant's website, webpage, social media, and/or printed media.

55. Defendant reproduced, distributed, displayed, and/or publicly displayed the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph without authorization from Plaintiff.

56. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

57. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

58. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

59. Plaintiff is entitled to recover its actual damages resulting from Defendant's

unauthorized use of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph, which amounts shall be proven at trial.

60. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

61. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

62. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph,

Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, Twelfth Photograph, Thirteenth Photograph, Fourteenth Photograph, Fifteenth Photograph, Sixteenth Photograph, and Seventeenth Photograph or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
**(The Eleventh Photograph and Eighteenth Photograph)**

63. Plaintiff re-alleges and incorporates paragraphs 1 through 48 as set forth above.

64. Each photograph comprising the Work is an original work of authorship,

embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

65. Mr. Johnson owns a valid copyright in the Eleventh Photograph, having registered such photograph with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

66. Ms. Peffley owns a valid copyright in the Eighteenth Photograph, having registered such photograph with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

67. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Eleventh Photograph and Eighteenth Photograph by the subject photographer(s)).

68. As a result of Plaintiff's reproduction, distribution, and public display of the Eleventh Photograph and Eighteenth Photograph, Defendant had access to the Eleventh Photograph and Eighteenth Photograph prior to its own reproduction, distribution, and public display of the Eleventh Photograph and Eighteenth Photograph on Defendant's website, webpage, social media, and/or printed media.

69. Defendant reproduced, distributed, displayed, and/or publicly displayed the Eleventh Photograph and Eighteenth Photograph without authorization from Plaintiff.

70. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

71. Plaintiff has been damaged as a direct and proximate result of Defendant's

infringement.

72. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Eleventh Photograph and Eighteenth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Eleventh Photograph and Eighteenth Photograph, which amounts shall be proven at trial.

73. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs.

74. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Eleventh Photograph and Eighteenth Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Eleventh Photograph and Eighteenth Photograph or to participate or assist in any such activity; and

    f.   For such other relief as the Court deems just and proper.


Dated: October 17, 2025.                COPYCAT LEGAL PLLC
                                                  3111 N. University Drive
                                                  Suite 301
                                                  Coral Springs, FL 33065
                                                  Telephone: (877) 437-6228
                                                  dan@copycatlegal.com

                                                  By: /s/ Daniel DeSouza
                                                       Daniel DeSouza, Esq.